Case 5:08-cv-02006-IPJ   Document 42   Filed 11/10/09   Page 1 of 7



FILED
2009 Nov-10 PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CV- 2:08-J-2006-NE ) |
| ISLANDER'S CONSTRUCTION, INC., BILLY DOUGLAS WILLIAMS, and JOSH JOHNSON, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Pending before the court is Plaintiff Continental Western Insurance Company's motion for summary judgment (doc. 36), evidence in support of said motion (doc. 36) and memorandum in support of its motion (doc. 37). Having considered the record, pleadings, evidence and memorandum, the court finds as follows:

### I.  Factual Background

Plaintiff Continental Western Insurance Company filed a Declaratory Judgment Complaint on October 28, 2008, seeking a declaration from this court that it was not obligated to defend and/or indemnify its insured, Islander's Construction, Inc., with respect to a lawsuit filed in the Circuit Court of Jackson County, Alabama by Billy Williams styled

Billy Douglas Williams v. Superior Framing, Inc., et al., CV-06-41.  The Plaintiff additionally seeks a declaration that Defendant Billy Williams be bound by this court's decision with respect to any declaration rendered as to Defendant Islander's

Construction, Inc. A default judgment was rendered against Islander's Construction, Inc. on August 27, 2009, on all claims of the Declaratory Judgment Complaint.

Continental Western issued a BusinessOwners' Policy of Insurance, Policy No.: BOA 4178086 - 10 to Islander's Construction, Inc. with a policy period of November 17, 2004 to November 17, 2005. (Policy of insurance attached as Ex. 1 to Plaintiff's motion). That policy provides that Islander's Construction, Inc. must notify Continental Western "as soon as practicable" of an 'occurrence' or an offense which may result in a claim, and requires Islander's Construction to provide certain information, requires Islander's Construction to provide written notice of a lawsuit, requires Islander's Construction to send the insurer copies of any demands, notices, summonses or legal papers received in connection with a lawsuit, and requires Islander's Construction to cooperate with the insurance carrier in the investigation and defense of any lawsuit.

Continental Western was notified by Islander's Construction's independent insurance agency in August of 2007 that Billy Williams had filed a lawsuit against Islander's Construction arising out of an accident which had occurred on October 28, 2005. The agency did not know the location of the insured at the time it notified Continental Western of the litigation. Islander's Construction, Inc. had been served by certified mail on February 4, 2006. Therefore, it was aware of the incident and the lawsuit at least by the date it was served. Continental Western then retained counsel to defend Islander's Construction pursuant to a reservation of rights.

In September of 2007 Continental Western retained GAB to locate the insured.

Attempts to locate the insured were made by GAB from September of 2007. Ponifasio Tanielu of Islander's Construction was located in October of 2007 in Madison, Alabama, and an adjustor with GAB met with Mr. Tanielu. Mr. Tanielu was told to contact his attorney, but failed to do so, and ultimately left the Madison, Alabama area. Continental Western additionally attempted to locate its insured through the insured's insurance agency, and through VRC, a second investigator. VRC began its attempts to locate the insured in December of 2008. Additionally, retained defense counsel made efforts to locate the insured, including personally going to Madison, Alabama. Counsel for Billy Williams additionally made attempts to locate Islander's Construction. Numerous attempts to locate the insured and to obtain the cooperation of the insured have been made by the parties to this litigation, by outside investigation agencies, and by retained defense counsel. No evidence has been provided to the court as to any explanation on the part of Islander's Construction for its failure to notify Continental Western "as soon as practicable" of the accident and of the lawsuit, and no evidence has been provided to the court that Islander's Construction, Inc. is cooperating in the defense of the litigation filed by Billy Williams.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary

judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita,* 475 U.S. at 587, *see also Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986). The nonmovant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

### III. LEGAL ANALYSIS

Plaintiff contends it is not obligated to defend and/or indemnify Islander's Construction, Inc. with respect to the lawsuit filed by Billy Williams because Islander's

Construction failed to notify the Plaintiff of William's accident, and failed to notify the Plaintiff of the lawsuit.  Plaintiff additionally contends it is not obligated to defend and/or indemnify Islander's Construction, Inc. with respect to the lawsuit filed by Williams because its insured has failed to cooperate in the defense of the underlying litigation

The requirement in general liability policies of insurance of notice "as soon as practicable" means that the insured must give notice "within a reasonable time under all the circumstances."  *See American Liberty Insurance Co. v. Soules*, 288 Ala. 163, 258 So.2d 872 (1972).  In making this determination, the only factors to be considered are the length of the delay in giving notice and the reasons therefor. Absence of prejudice to the insurer from the delay is not a factor to be considered. *Southern Guaranty Insurance Co. v. Thomas*, 334 So.2d 879 (Ala.1976).

In Nationwide Mutual Fire Insurance Company v. Files, 10 So.3d 533 (Ala. 2008), the court held that where there was no evidence of any excuse or justification for the insured's failure to provide the requisite notice as soon as practicable, then, as a matter of law, the insured failed to comply with the notice requirement of a homeowner's insurance policy, and the underlying plaintiff was not entitled to reach and apply the liability coverage of that policy to satisfy a judgment rendered against the insured.

In the instant action, Islander's Construction, Inc. has never provided notice to the Plaintiff of the incident involving Williams or of the fact that it was served with a summons and complaint.  Additionally, no explanation has been provided as to any

failure to provide notice on the part of Islander's Construction, Inc.  Like the insured in Files, the court finds there is no evidence of any excuse or justification for Islander's Construction, Inc. to provide the requisite notice as soon as practicable.  Therefore, as a matter of law, Islander's Construction, Inc. has failed to comply with the notice requirement of Plaintiff's policy of insurance, and, assuming Williams does recover against Islander's Construction, Inc., he is not entitled to reach and apply the liability coverage of Plaintiff's policy to satisfy any judgment which may be rendered  judgment rendered against Islander's Construction, Inc.

While the notice issue resolves all claims before the court, the court further finds that Islander's Construction breached the policy provisions which require it to cooperate with Plaintiff in the investigation and defense of the Williams' claim and lawsuit.  Plaintiff was deprived of the opportunity to conduct an investigation of an incident that occurred one year and ten months prior to the time it was notified of the accident.  It was also deprived of the opportunity to meet with its insured after the accident to make an assessment as to liability, whether the case should be resolved prior to a lawsuit being filed, and to obtain documents regarding the business of its insured.  Once the lawsuit was filed, it was deprived of an opportunity to participate in the early discovery conducted in the case, it was deprived of the opportunity to attend depositions of the Plaintiff, and other witnesses, and was deprived of the opportunity of early preparation.  To enter a lawsuit over one year and six months after the Plaintiff and other Defendants have been litigating clearly puts defense counsel and the insurance carrier at a disadvantage which this court deems to be material.

## IV.  CONCLUSION

The court having considered the foregoing, and finding that Plaintiff has established there is no genuine issue of material fact on all claims asserted in this action, the court **ORDERS** that the Plaintiff's motion for summary judgment is hereby **GRANTED.**  The court finds the Plaintiff is hereby relieved and absolved from any obligation for defense and indemnity in the case filed in the Circuit Court of Jackson County, Alabama by Billy Williams styled <u>Billy Douglas Williams v. Superior Framing, Inc., et al.</u>, CV-06-41.  Each party is to pay its own costs.

DONE and **ORDERED** this the 10<u>th</u> day of November 2009.

_____
_____INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE